COLORADO GAS COMPRESSION, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Colo. Gas Compression, Inc. v. Comm'r
Docket No. 17251-98
United States Tax Court
2005 U.S. Tax Ct. LEXIS 38; July 20, 2005, Decided
Colo. Gas Compression, Inc. v. Comm'r, 366 F.3d 863, 2004 U.S. App. LEXIS 6537 (10th Cir., 2004)
*38 Maurice B. Foley, Judge.
Maurice B. Foley
DECISION
The Court of Appeals for the Tenth Circuit reversed our decision and remanded the case for further proceedings. See Colorado Gas v. Commissioner. 366 F.3d 863 (10th Cir. 2004).
In our earlier opinion, we held that section 1374, as amended by the Tax Reform Act of 1986, was applicable to petitioner's 1994, 1995, and 1996 taxable years. As a result, we did not consider respondent's alternative position that petitioner's capital gains relating to the years in issue were subject to tax under the former section 1374 (i.e., the pre-1986 version).
In Colorado v. Commissioner, supra, the Court of Appeals for the Tenth Circuit, found that our reliance on section 1374, as amended, was improper. The Tenth Circuit reversed and remanded our decision to determine the amount of "capital gains tax owed under the former section 1374."
On November 9, 2004, the Court filed respondent's computation for entry of decision. On December 6, 2004, the Court filed petitioner's objection to respondent's computation for entry of decision. On February 3, 2005, the Court filed respondent's response to petitioner's objection.
At trial and on brief, petitioner contended *39 its transactions were not subject to a corporate level capital gain tax, under the former section 1374, because the relevant S election occurred in 1988, and the assets were sold more than 3 years after such election (i.e., in 1994, 1995, and 1996). In response to respondent's computation for entry of decision, petitioner does not dispute the accuracy of respondent's computations, but contends that "No provision before or after the Tax Reform Act of 1986 imposed an obligation for a tax on capital gains if a corporate taxpayer did not sell or dispose of property within three years of its termination of its 'S' election." We agree with respondent's computations and reject petitioner's contentions. In Colorado Gas v. Commissioner, supra, the Tenth Circuit held:
If we were to adopt * * * [petitioner's] construction, then no tax would be owed at the corporate level for the capital gains at issue here. But we are simply unable to find any support for this proposed construction of Colorado Gas in the statutory language. The three year 'look back' period in the former * * * 1374(c) is expressly applied to the company's election then in effect. That subsection has no language whatsoever that *40 exempts capital gains based on whether the gains were recognized within three years of an earlier election, as Colorado Gas asserts. We conclude and hold that the construction proposed by the IRS is the correct one on this argument advanced seeking to avoid all tax on the capital gains. Because Colorado Gas made its subchapter S election in 1994, it does not qualify for the exemption provided by former subsection 1374(c) for the tax years in question, 1994 through 1996.
Based on the foregoing, it is
ORDERED AND DECIDED that there is a deficiency in income tax due from petitioner for taxable years 1994, 1995, and 1996 in the amounts of $52,073, $709,939, and $161,037, respectively.
/s/ Maurice B. Foley
Maurice B. Foley
Judge
ENTERED: JUL 20, 2005